# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-963V
Filed: February 23, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| ANDREA THOMPSON, | * | |
| | * | |
| Petitioner, | * | Ruling on Entitlement; Concession; |
| v. | * | Hepatitis B Vaccine; Shoulder Injury |
| | * | Related to Vaccine Administration |
| SECRETARY OF HEALTH | * | (SIRVA); Adhesive Capsulitis (Frozen |
| AND HUMAN SERVICES, | * | Shoulder); Special Processing Unit |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Francisco Gonzalez, Esq.*, Law Office of Frank Gonzalez, Great Neck, NJ for petitioner.
*Ann Martin, Esq.*, U.S. Department of Justice, Washington, DC for respondent.

### RULING ON ENTITLEMENT[1]

**Vowell**, Chief Special Master:

On October 8, 2014, Andrea Thompson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered injuries including neuropathy and adhesive capsulitis (frozen shoulder) which were caused by the Hepatitis B vaccination she received on January 12, 2012. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 18, 2015, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, "respondent has determined that the injury to petitioner's left shoulder is consistent with a shoulder injury related to vaccine administration

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

(SIRVA)."[3]  Furthermore, respondent agrees that petitioner's injury lasted for more than six months and "is not due to factors unrelated to the administration of the Hep B vaccine."  *Id.* at 4.

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

> **s/Denise K. Vowell**
> Denise K. Vowell
> Chief Special Master

---

[3] *Id.* at 1-2.  Respondent does not, however, concede that the Hepatitis B vaccine caused neuropathy in this case, maintaining "that the evidence is insufficient to establish that the Hep B vaccine caused a neurologic injury, such as neuropathy with ongoing denervation, as alleged in the petition."  *Id.* at 2 n.1.  Petitioner's counsel confirmed by email to the OSM staff attorney managing this case that he has discussed this matter with respondent's counsel and, petitioner has no objection to a ruling based on respondent's concession as described in the Rule 4(c) report.