# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-963V
Filed: March 13, 2015

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| ANDREA THOMPSON, | * |
| | * |
| Petitioner, | *   Damages Decision Based on Proffer; |
| v. | *   Hepatitis B Vaccine; Shoulder Injury |
| | *   Related to Vaccine Administration |
| SECRETARY OF HEALTH | *   (SIRVA); Adhesive Capsulitis (Frozen |
| AND HUMAN SERVICES, | *   Shoulder); Special Processing Unit |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Francisco Gonzalez, Esq.*, Law Office of Frank Gonzalez, Great Neck, NJ for petitioner.
*Ann Martin, Esq.*, U.S. Department of Justice, Washington, DC for respondent.

### **DECISION AWARDING DAMAGES**[1]

**Vowell**, Chief Special Master:

On October 8, 2014, Andrea Thompson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleged that she suffered injuries including neuropathy and adhesive capsulitis (frozen shoulder) which were caused by the Hepatitis B vaccination she received on January 12, 2012. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 23, 2015, I issued a ruling on entitlement, finding petitioner entitled to compensation for her shoulder injury related to vaccine administration ["SIRVA"].[3] On

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

[3] Respondent conceded that petitioner was entitled to compensation for her SIRVA but did not concede that the Hepatitis B vaccine caused neuropathy, maintaining "that the evidence is insufficient to establish that the Hep B vaccine caused a neurologic injury, such as neuropathy with ongoing denervation, as alleged in the petition." Respondent's Rule 4(c) Report, filed Feb. 18, 2015, at 1-2 & 2 n.1. Petitioner's counsel confirmed by email to the OSM staff attorney managing this case that he had discussed the

March 13, 2015, respondent filed a proffer on award of compensation ["Proffer"] indicating petitioner should be awarded $75,240.00 "represent[ing] all elements of compensation to which petitioner would be entitled." Proffer at 1. According to respondent's Proffer, petitioner agrees to this proposed amount. *Id.* at 1-2. Petitioner's counsel also confirmed by email communication to the OSM staff attorney managing the case that petitioner agrees to the amount proposed in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $75,240.00 in the form of a check payable to petitioner, Andrea Thompson.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

matter with respondent's counsel and petitioner had no objection to a ruling based on respondent's concession as described in the Rule 4(c) report. *See* Ruling on Entitlement, issued Feb. 23, 2015, at 2 n.3. Thus, I issued my ruling on that basis.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ANDREA THOMPSON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND ) <br> HUMAN SERVICES, ) <br> ) <br> Respondent. ) | No. 14-963V <br> Chief Special Master Vowell <br> ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.    Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $75,240.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

**II.   Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment of $75,240.00 in the form of a check payable to petitioner. Petitioner agrees.

                                              Respectfully submitted,

                                              BENJAMIN C. MIZER
                                              Acting Assistant Attorney General

                                              RUPA BHATTACHARYYA
                                              Director
                                              Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division

s/ ANN D. MARTIN
ANN D. MARTIN
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel.: (202) 307-1815

DATED:  March 13, 2015